IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                             )<br>                    Plaintiff,            )<br>                                                             )<br>            v.                                              )<br>                                                             )<br>GERARDO HERNANDEZ-VASQUEZ,  )<br>                                                             )<br>                    Defendant.         )<br>                                                             ) | 8:09CR240<br><br>MEMORANDUM AND ORDER |

   This matter is before the court on the defendant's objections, Filing No. 35, to the report and recommendation ("R&R") of the magistrate judge, Filing No. 32, concerning the defendant's motion to suppress, Filing No. 24. Count I of the Indictment charges the defendant with knowingly and intentionally possessing with the intent to distribute less than 50 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1). Count II charges the defendant with forfeiture of proceeds acquired as set forth in Count I in violation of 21 U.S.C. § 853. Filing No. 11.

   Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has conducted a de novo review of the record and exhibits, including the transcript of the suppression hearing, Filing No. 34, Transcript ("Tr."). The court agrees with the magistrate judge's recitation of the facts and of the law. The court finds the defendant's objections to the R&R should be overruled and the defendant's motion to suppress denied.

   The facts are not in dispute. The court adopts the factual determinations made by the magistrate judge and incorporates them into this Memorandum and Order.

Consequently, the court will only summarize the facts as needed for purposes of this Memorandum and Order. On or about June 2, 2009, numerous drug enforcement agents and immigration and customs agents effectuated service of a number of arrest and search warrants as well as handled administrative violations regarding immigration. One such search and arrest took place the residence located at 3609½ R Street. At that time the person the agents intended to arrest, Martin Noriega-Navarro, was not present at the house. The search nearly concluded and the agents started leaving the scene. As some of them were outside, dressed in their raid and police gear, they saw someone arrive in the alley in a sports utility vehicle and pull out very quickly and leave. It was dark and the officers could not see the driver. Thereafter, a couple of the agents pulled the car over. When the window was rolled down, the officers smelled marijuana. The person in the car was not the person they intended to arrest but was the defendant in this case.

The only issue before the magistrate judge and this court is the validity of the stop. Special Agent Paul White testified that the vehicle hesitated, stopped, backed up and tried to leave. Filing No. 34, Tr. at 18:16-18. The suspect's nephew was previously arrested and had told the agents that he expected Noriega-Navarro at any time. Agent Brent Morral testified that Special Agent Paul White with ATF made a decision to stop the car to see if it was their fugitive. Filing No. 34, Tr. at 8:10-9:7. After stopping the car, the agents asked for identification to determine whether he was their suspect. He in fact was not the suspect. Although not relevant to the determination of the motion to suppress, the court notes for the record that one of the agents pulled the defendant over and smelled marijuana in the car, and the defendant admitted he had marijuana in the car.

The magistrate judge determined that the stop was valid. The defendant objects, arguing that the behavior of the driver in this case is typical of most people and not conduct

2

that would justify suspicion or criminal activity. The court agrees with the magistrate judge that the agents could not identify the driver of the vehicle until it was stopped. As stated by the magistrate judge, automobiles are subject to *Terry* stops. *United States. v. Watts*, 7 F.3d 122, 125-26 (8th Cir. 1993); *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Although the search warrant had been executed, the arrest warrant had not. The court further agrees that based on the totality of the circumstances, the agents had grounds to stop the vehicle in question and check the identity of the driver. Accordingly, the court finds the motion to suppress will be denied, the objections overruled, and the report and recommendation of the magistrate judge adopted in its entirety.

THEREFORE, IT IS ORDERED:

1. The defendant's motion to suppress, Filing No. 24, is denied;

2. The defendant's objections, Filing No. 35, are overruled; and

3. The report and recommendation of the magistrate judge, Filing No. 32, is adopted in its entirety.

DATED this 13th day of November, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3